# EXHIBIT 7

# MANY CASES AGAINST DEFENDANTS POIGNANT AND SERGEY

● **Sergey is "on the run" from the Russian Government.**

Sergey is an international fugitive, on the lam from an arrest warrant from the Russian government, as described in the several articles included in Exhibit 4 to the Complaint, having allegedly embezzled many millions of dollars – and stolen state secrets – from Roscosmos, for whom his companies worked as contractors.

● **Poignant and FFIB have been sued for refusing to return depositors money.**

On March 3, 2021, a Default Final Judgment was entered by the Clerk against defendants Poignant and FFIB in *Kogan v. Poignant and FFIB*, Broward County (FL) Circuit Court Case No. CACE-20-001521, a breach of contract case filed on January 24, 2020, in the amount of $117,164.48; FFIB was garnished although there is no evidence that the collection effort was successful.  Poignant and FFIB seems to have got away scot free.

● **Litigation against Paytoo Corp. and Defendants Poignant and Sergey.**

**Many lawsuits against the Poignant and the Poignant Defendants have showcased the *modus operandi* underlying their pattern of racketeering activity.**

*Alpha Phoenix Industries LLC v. Paytoo Corp.*, Case No. CACE-12-020495, was filed in the Broward County (FL) Circuit Court on July 20, 2012, in which an Arizona LLC sued Paytoo Corp., an Oregon corporation, for breach of contract.  A Joint Stipulation of Dismissal was filed on May 16, 2014, but no records from the case are available either online or by purchase.

*Grand Fortuna Business, Inc. v. Paytoo Corporation and Michel Poignant*, Case No. 2013-025086-CA 01, was filed on July 25, 2013, in the Miami-Date County (FL) Circuit Court by a Panama corporation, against Paytoo Corp. (a foreign corporation doing business as Pay Mobile Techologies, Inc.) and defendant Poignant alleging, *inter alia*, conversion by Paytoo; civil theft, and civil conspiracy as a result of Paytoo's failure and refusal to remit to Grand Fortuna more than $165,000 owed, and the defendants' cover-up of the misappropriation

Case 3:21-cv-01534-JAG   Document 1-7   Filed 11/09/21   Page 2 of 9

CIVIL NO. _____ (___); *MCDP Phoenix Services PTE LTD., v. First Finance Internatioal Bank, Inc. et al.*
COMPLAINT - RICO - EXHIBIT 5
Page 2

by falsely responding to status inquiries indicating that the money was tied up by an intermediary bank, processors, or other third parties. The plaintiff alleged that the monies were unlawfully converted by Paytoo and Poignant. A default was entered against the defendants, but the plaintiff gave up on its collection efforts and the case was dismissed in March 2015 for lack of prosecution. The Poignant Defendants apparently got away scot free.

***Bachelier v. Paytoo Corp. and Michel Poignant****,* et al., Case No. CACE-16-016646 in the Broward County (FL) Circuit Court on September 7, 2016, alleging fraud in the inducement and *per se* violation of the Florida Deceptive and Unfair Trade Practices Act, among other things, for defaulting on a sales purchase agreement and for using corporations for fraudulent and improper purposes. Bachelier gave up and the case was dismissed in June 2019.

***ES American Finance, Inc. v. Paytoo Corp. and Michel Poignant***, Case No. CACE-16-020667 in the Broward County (FL) Circuit Court, was filed on November 8, 2016, alleging breach of contract and unjust enrichment for the defendants' failure to repay four loans totaling $2,800,000 made in connection with financing Paytoo's overdraft services, personally guaranteed by Poignant and Sergey. The complaint in ***ES American*** – owned by defendant Sergey – alleged that Paytoo – owed by defendants Sergey and Poignant – had an unpaid balance to ES in the amount of $1,800,00 that ES had loaned to Paytoo. Paytoo moved to dismiss the entire case alleging that the entire dispute was subject to arbitration; its effort failed. sought to stay the case pending arbitration, but its effort was denied. The case was ultimately dismissed by joint stipulation and later closed. Again, Poignant and Sergey appear to have got off without repaying their obligations. Upon information and belief, however, the ***ES American*** case, was a subterfuge intended to protect Paytoo's assets from other creditors suing it.

***Paytoo Corporation v. Sergey***, Case No. 2017-000225-CA-01, was filed in the Miami-Dade County (FL) Circuit Court on January 5, 2017, arising out of allegations that Sergey sent a letter dated October 20, 2016, to the Federal Bureau of Investigation (FBI) allegedly falsely alleging that Paytoo Corp. had "committed criminal conduct" and "was engaged in deceptive business practices and unscrupulous financial reporting not only in [Sergey's] case, but also with other investors." The letter requested an FBI investigation because it appeared that

Paytoo Corp. had committed criminal acts of fraud, and Paytoo alleged that its business relationship with City National Bank had been terminated as a result of the letter. Sergey's letter alleged that he had invested $2,800,000 in Paytoo of which $425,000 was unpaid. The case was dismissed by joint stipulation on June 13, 2017, ending that squabble between some of the Poignant Defendants and Sergey. Upon information and belief, the suit by Sergey against Paytoo was an attempt to obstruct other creditors of Paytoo from recovering, since Sergey had invested some $2.8 Million in Paytoo.

***AK Investment Services, Inc.*, et al. *v. Paytoo Corp.***, Case No. 2017-012190-CA-01, was filed in the Miami-Dade County (FL) Circuit Court on May 19, 2017, alleging Paytoo's failure to repay loans totaling $2,800,000 to finance Paytoo's business operations, utilizing wire transfers. Judgment was entered against Paytoo on September 26, 2018, in the amount of $1,853,758.34. An appeal was taken by Paytoo. It appears that no recovery has been had by the plaintiffs as of this date, and that defendant Poignant may thus have got away scot free.

***Power Up Lending Group, Ltd. v. Paytoo Corp. and Michel Poignant***, Case No. 2017-014522-CA-01, was filed in the Miami-Dade County (FL) Circuit Court on June 19, 2017, seeking the enforcement of a judgment of the Supreme Court of New York in Nassau County on May 16, 2017, in the amount of $184,000, arising out of misconduct by Paytoo and Poignant. It appears that no recovery on the judgment has been had, and that Poignant got away scot free.

***One Broward Blvd. Holdings LLC v. Paytoo Corp.***, Case No. CACE-17-018615, was filed in the Broward County (FL) Circuit Court by a Delaware corporation seeking to recover unpaid commercial rent in the amount of $107,649.42. Paytoo abandoned the premises and defaulted, and the plaintiff eventually gave up, resulting in the dismissal of the case in October 2018. Again, the Poignant Defendants escaped scot free.

***Queen Funding LLC v. Paytoo Corp. and Michel Poignant***, Case No. CACE-17-021946, was filed on November 21, 2017, in the Broward County (FL) Circuit seeking to enforce a judgment of the Supreme Court of New York in Erie County entered on August 23, 2017, in the amount of $160,538.52 against the defendants. It appears that the plaintiff gave up trying to collect and, again, two of the

CIVIL NO. _____ (___); *MCDP Phoenix Services PTE LTD., v. First Finance Internatioal Bank, Inc. et al.*
COMPLAINT - RICO - EXHIBIT 5
Page 4

Poignant Defendants got off scot free.

***Good Life Holding, LLC. v. Paytoo Corporation, Merchange Services Corp., and Michael Poignant***, Case No. 2019-012262-CA-01, was filed on April 23, 2019, in the Miami-Dade County (FL) Circuit Court alleging that the defendants therein had committed fraud in inducing the plaintiff into retaining their services and engaged in fraudulent and deceptive trade practices and conversion and civil theft by refusing to return to the plaintiff the sum of $70,000. On October 7, 2019, the plaintiff was awarded treble damages in the amount of $210,000, plus interest, for a total of $232,038.39, but was unable to collect on the judgment, and the case has since been closed, apparently allowing three of the Poignant Defendants to escape the judgment scot free as of this date.

***Queen Funding LLC v. Paytoo Corp. and Michel Poignant***, Case No. CACE-19-015863, was filed in the Broward County (FL) Circuit Court on August 9, 2019, to enforce a judgment entered on February 25, 2019, by the Supreme Court of New York, New York, in the amount of $144,505. Poignant allegedly failed to appear at a post-judgment deposition on October 29, 2019, and a calendar call has been scheduled for February 7-25, 2022. These Poignant Defendants may yet again get away scot free.

***Bachelier v. Paytoo Corp. and Michel Poignant,*** **et al.**, Case No. CACE-21-003584, was filed in Broward County (FL) Circuit Court as Bachelier's second effort to collect from those Poignant Defendants a debt in the amount of $188,900. The matter is pending, although the defendants therein have filed nothing.

● **Litigation against Paytoo Merchant Services Corp.**

Poignant and Surgey were the owners of Paytoo Merchant Services Corp., a Delaware company.

***CV Sciences Inc. v. Paytoo Merchant Services Corp. and Michel Poignant***, Case No. CACE-18-007830, was filed in the Broward (FL) County Circuit Court on September 20, 2017, alleging civil theft and conversion against the defendants. Poignant alleged that the plaintiff "attempted to process electronic transactions for prohibited and unlawful products." Judgment against the Paytoo defendant was

entered on October 31, 2019, in the amount of $260,378.40. It appears that it has not yet been collected. Apparently, Poignant once more got off scott free.

***Romit LLC v. Paytoo Merchant Services Corp.***, Case No. CACE-18-007830, was filed in the Broward County (FL) Circuit Court on April 4, 2018, by a Nevada company seeking breach of contract damages for $140,043.00 due pursuant to a "Paytoo Merchant Card Processing Agreement" between the parties. Final judgment for the plaintiff was entered on December 11, 2018, in the amount of $153,103.40, including interest and fees, but has not yet been collected. Again, the Poignant Defendants and Sergey may escape scot free.

● **Litigation against defendant Poignant.**

***Henry v. Poignant, Vargas, and Others***, Case No. 2020-012178-CC-26, State Case No. 132020CC0121780000026, was filed in the Miami-Dade County (FL) Circuit Court, in which the plaintiff sued for $17,000 in unpaid rent at $8,500 per month that Poignant and his girlfriend owed when they abandoned their three-year lease on a house in Miami; the plaintiff gave up on collecting the rent, letting Poignant off scot free.

***Kluger, Kaplan, Silverman, Katzen & Levine, P.I. vs. Poignant and Vargas***, Case No. 2021-016223-SP-05, was filed on May 24, 2021, in the Miami-Dade County (FL) Circuit Court, in which a law firm sought to recover unpaid legal fees owed by Poignant and his girlfriend. Upon information and belief, they have not been paid.

***American Express National Bank v. Poignant***, Case No. 21-024821-CC-05, was filed in the Miami-Date County (FL) Circuit Court, with American Express suing Poignant for fialing to pay a balance due of $11,000, which appears to remain unpaid as of this date.

● **State court cases and judgments against Sergey and the Sergey Defendants.**

***Mariana Bubucea, MD, PA, and Mariana Bubucea, MC v. SYM Med LLC, Sergey Slastikhin,*** **et al.**, Case No. 18-005219, was filed on March 8, 2018, in the Broward County (FL) Circuit Court alleging that, "[p]laintiffs were duped by

defendants SVM and Slastikhin to merge plaintiffs medical practice with SVM and Slastikhin's patient concierge service"; that, "through a showing of force and intimidation, SVM and Slastikhin have barred plaintiffs from continuing to see their patients while converting Bubucea's confidential medical records and business property to their own[,]" all arising out of a "verbal agreement to form and operate a joint venture otherwise known as SVM." Thereafter, it was alleged, Sergey "would not deposit the large cash receipts from patients and would instead take these case receipts and convert them for himself." A Dissolution of Partnership Agreement was alleged to have been reached pursuant to which Dr. Bubucea agreed to pay Sergey $300,000 to "relinquish control and cease any and all operations as SVM from February 8, 2018, onward." It is alleged that Sergey took half the money but did not dissolve the partnership. The complaint alleged that Sergey was (and is?) "wrongfully in possession of, or have destroyed, personal property owned by our client and valued at $350,000" having taken over the medical practice. Sergey's Chapter 13 proceeding obstructed the progress of the case.

***Alex Bederman and Miami OBGYN Institute LLC v. SVM-MED LLC, Sergey Slastikhin, and Albert Starikov***, Case No. CACE-18-013784 in the Broward County (FL) Circuit Court, was filed on June 7, 2018, alleging essentially that Sergey offered the plaintiff the sum of $275,000 to acquire his company, Miami OBGYN, and then, renegged on the deal and encouraged its doctors to abandon Miami OBGYN Institute (MOI) and join SVM, decimating MOI, and accused Sergey of fraud among many other causes of action. Sergey's Bankruptcy Case stayed that action.

***17070 Collins Avenue Shopping Center Ltd. v. ES Reliable Investment Inc., Sergey Slastikhin,* et al.***, Case No. 2018-040659-CA-1, was filed in Miami-Dade County (FL) Circuit Court on December 6, 2018, alleging that after the lease – guaranteed by Sergey – was assigned to it, ES abandoned the leased premises leaving the rent unpaid. Plaintiff moved for and obtained a default and an amended final judgment against Sergey and other defendants in the amount of $more than $65,000 was entered on May 124, 2019, for the period from December 2018 through April 2019. The plaintiff recovered its judgment!

Case 3:21-cv-01534-JAG   Document 1-7   Filed 11/09/21   Page 7 of 9

CIVIL NO. _____ (___); *MCDP Phoenix Services PTE LTD., v. First Finance Internatioal Bank, Inc. et al.*
COMPLAINT - RICO - EXHIBIT 5
Page 7

Sergey conducted certain of his business dealings through a Hong Kong corporation by the name of Innovative Technologies & Consulting Limited Corp., of which he was the president and sole shareholder ("**ITC**"), and which was authorized to do business in the State of Florida.

***Great Ocean Properties, LLC v. Sergey Slastikhin and Jane Doe***, Case No. 2019-011952-CA-01, was filed on April 20, 2019, in the Miami-Dade County (FL) Circuit Court, alleging that Sergey had failed to make payment on a promissory note in the amount of $1,319,500, secured by a mortgage on a property, Lot 57, Block 5, Eastern Shores, Miami-Dade County, Florida, which note was accelerated by the plaintiff (the "**Eastern Shore House**").  Sergey defaulted and later alleged that the plaintiff was not the owner of the note.  A settlement was reached in August 2019 pursuant to which a payment schedule was agreed upon and the case dismissed, without prejudice.  Likely, payments were not made by Sergey, particularly during Sergey's Bankruptcy Case.
The records in Miami-Dade County, Florida, reflect that Sergey and ITC's general manager, Ekaterina Zahkarova, transferred the Eastern Shore House from ITC and to Sergey on August 16, 2018.

***American Express National Bank v. Sergey Slastikhin***, et al., Case No. 2019015843-CA-01, filed in Miami-Date County (FL) Circuit Court on May 24, 2019, American Express sued Sergey for failure to pay his guaranteed indebtedness in the amount of $210,017.08; Sergey defaulted and Sergey's Bankruptcy Case stopped the suit with American Express joining in the motion to dismiss it.

***Holand Leasing USA LLC v. Sergey Slastikhin and ITC***, Case No. 2020-008710-CA-01, was filed on April 20, 2020, seeking replevin of a three vehicles that he had leased on or about August 9, 2019, namely a used 2019 Lamborghini valued at $239,005, a new 2017 Mercedez-Benz valued at $279,000, and a new 2017 Freightliner valued at $241,200, the payments on all of which Sergey had failed to make pursuant to three separate agreements, all of which were kept behind a locked gate at 16436 NE 32nd Avenue, North Miami, FL 33160.  The case was sent to arbitration, which was stayed by Sergey's Bankruptcy Case.

CIVIL NO. _____ (\_\_\_); *MCDP Phoenix Services PTE LTD., v. First Finance Internatioal Bank, Inc. et al.*
COMPLAINT - RICO - EXHIBIT 5
Page 8

***Great Ocean Properties v. Sergey*** again in Case No. 2020-011570-CA-01 in Miami-Dade County (FL) Circuit Court on June 2, 2020, to foreclose on the mortgage on the house at 16436 NE 32nd Avenue, North Miami Beach, FL 33160, and filed a *lis pendens* against the house (the "**North Miami Beach House**"). Sergey's Bankruptcy Case stopped the foreclosure proceeding.

***Porsche Financial Services d/b/a Bentley Financial Services v. Mariana Bubucea, Sergey Slastikhin***, *and SVM-MED LLC,* Case No. CACE-21-006080, was filed on March 24, 2021, in Broward County (FL) Circuit Court seeking to replevin a 2018 Bentley Bentayga valued at $146,500 on which the defendants had failed to make payments, for the sum of $186,826.90, exclusive of interest and costs. The sheriff was on the verge of seizing the Bentley when Sergey's Bankruptcy Case was filed, and on June 9, 2021, the case was voluntarily dismissed, without prejudice.

● **Federal court cases against the Sergey defendants, Sergey, and Svetlana.** Sergey's problems with the Russian government were compounded by lawsuits against him and defendant Svetlana in the United States District Court for the Southern District of Florida.

***Ermolaev v. Happy Land FL, LLC, Innovative Technologies & Consulting Limited Corp., Sergey Slastikhin, and Svetlana Slastikhin***, Civil. No. 20-cv-24480 (RAM), was filed in the United States District Court for the Southern District of Florida, on October 30, 2020, and in his complaint, the plaintiff described in detail the illegal activities of Sergey and his company, Engineering Systems, in connection with Roscosmos, his embezzlement therefrom, and his theft of Russian state secrets; identifies many of Sergey's companies, as described in the Complaint; and details how Sergey swindled him out of more than a million dollars in connection with a series of "consulting agreements." The complaint in *Ermolaev* alleges causes of action for violations of RICO, in particular, 18 U.S.C. § 1962(c), as well as for conversion, breach of contracts, and fraud, and sets out activities clearly following the pattern of racketeering against Sergey and Svetlana, as set forth in this Complaint. The *Ermolaev* case explains how the plaintiff, a citizen and resident of Russia, contracted with, and then sent more than a million dollars to Sergey "for the purpose of establishing and researching potential business opportunities in the United States, as well as provide for Mr.

Ermolaev's `significant other'" in Florida, and how Sergey and Svetlana stole the money without providing any of the services contracted or purchasing the things for which the money was sent." In an act demonstrative of Sergey's chutzpah, the defendants in the case filed a third-party complaint against Mr. Ermolaev's "significant other"on April 5, 2021 [Docket No. 37 therein], alleging that they did their jobs for Mr. Ermolaev's "significantly younger girlfriend, Anastasha Utluzh, without Emolaev's wife and children asking any questions," enabling her to "enjoy[] luxurious lifestyle complete with exclusive housing, expensive cars and dining, designer clothes and `for pleasure' trips."

***Popkovich v. Sergey Slastikhin***, Civil No. 1:21-cv-20013-BB, filed in the United States District Court for the Southern District of Florida, Miami-Dade Division, on January 4, 2001, the plaintiff alleged that Sergey accepted the sum of $549,000.00 pursuant to a Loan Agreement that was attached to the complaint, and did not repay any of the money borrowed, alleging causes of action for breach of contract and unjust enrichment. The ***Popkovich*** case demonstrates the same "pattern of racketeering" by Sergey.

Both the ***Ermolaev*** case and the ***Popkovich*** case were stayed by Sergey's Bankrputcy Case, now dismissed.